Good morning, Your Honors, and may it please the Court, Elizabeth Dahlstrom on behalf of Petitioner Appellant Michael Balint. Your Honors, the most important moment of Mr. Balint's trial happened when he wasn't even there. That's when the jury submitted a grammatically ambiguous note about what they had to find on two different defenses. And trial court, without involving defense counsel or Mr. Balint, simply replied yes. Now, despite the constitutional concerns that this raises, no state court has ever decided the merits of this claim, instead imposing a Dixon bar and a Clark bar in the California Supreme Court. But this two bars conflict with each other, such that we cannot really tell what the basis of the default was. Well, the magistrate judge, in his report and recommendation, explained why they didn't. I haven't found from your brief an explanation for what's wrong with his explanation. Okay, let me try. So the Dixon default is designed to say this is a record-based claim that should have been raised on appeal. The Clark bar, this particular Clark bar, is a successiveness bar, saying you should have brought this claim in a prior habeas petition. Our position is that a claim is either record-based or it's not. You can either decide it from the four corners of the record, or you need factual development. And in this case, this one of them applies. That's not consistent with the whole idea of the procedural bar doctrine, because the loss of federal habeas review is a very serious penalty. We only apply it when the state court's procedural rules are clear and when their application to a particular claim is clear. And that's not what we have here. The Dixon bar should not be applied to this claim. What was the claim before the California Supreme Court when they issued their order citing Dixon and Clark? Absence of counsel during the response to the jury's note. Now the record is silent in some ways on that. We know that appellate counsel saw this claim because she noted the facts in her brief. And then I think we really need to take a look at what the California Court of Appeals said on direct review. That court said itself, neither the RT nor the defense counsel objected to the discussion of the jury's question. So we can't determine whether defense counsel objected, but we presume that he did. Now that language coming out in the direct appeal opinion could only tell Mr. Bailent, well I guess this record wasn't sufficient. I guess my appellate counsel wasn't ineffective. I guess I have to bring this claim in a separate habeas petition. And that's what he did in a series of petitions until he finally got to the end of the line and that's when the Clark bar and Dixon bars get imposed. And, you know, we've read your briefs, but what exactly was the harm here? Your Honor... In terms of the answer that the judge provided to the jury? The answer that the judge... Was there any error? The answer that the judge provided was incorrect. The judge received a grammatically incorrect question. Well, I mean, you know, I don't think a trial judge looks at a jury's handwritten note in pencil, somewhat scribbled, and says, oh, this is grammatically incorrect. Maybe I ought to send it back and ask them to fix it. I agree. That's not the way it works. I agree the trial judge wasn't required to send the question back. But the judge should have recognized that this jury is struggling. This jury is asking for clarification. Wait a minute. Didn't it just happen like the jury just was out for about 15 minutes and they sent the note back? That's right. The jury wasn't out that long, but they had the duress instruction and the necessity instruction. Those two instructions were right next to each other in the packet of instructions. You can see that at ER 95 and 96. They were discussed right back to back when the judge gave his oral instructions. And so it's very likely that the jury was confused about whether these were separate defenses or not. The overall context of the trial would be also confusing to the jury because here we have necessity that is a complicated six-part affirmative defense where the defendant has a burden of proof, a preponderance of the evidence, and yet that instruction was requested by the prosecution and only mentioned by the prosecution. Defense counsel's closing argument is about two and a half pages long. He mentions the word duress once. He never mentions necessity. So it's easy to understand why the jury might be confused about what they have to find and whether these two defenses are separate. They are similar defenses, but duress is actually a much, much easier defense for the defendant to succeed on. It has only two parts. It doesn't have a standard of proof. The defendant just has to raise a reasonable doubt. That's just because it negates an element of the offense, unlike necessity, which requires a preponderance of the evidence of certain facts. So all of those... I think the judge's answer of yes was legally incorrect. Yes, Your Honor. It was misleading, suggesting that the jury had to find all of the six elements of necessity and the two elements of duress. Before they could find either. Before they could find either. Before they could acquit. So the note is, I'll just read it to you, is it necessary to meet all, and all is capitalized and underlined twice, the requirements, and it says elements, listed in the law, period. It could stand a little work, but... And then below that, in parentheses, it says, for necessity, and duress, defense. Closed parentheses. Thank you. A period inside the closed parentheses. Yes, I would note that... What is ambiguous about that? I would note that they use the word defense twice in the singular form. This note does not say defenses of necessity and duress. They also say duress, necessity or duress at one point, and then necessity and duress. It says, in order to apply the defense of duress or necessity, is it necessary to meet all the requirements? Yes. They're referring to it defense, singular. They do that twice. I think, clearly, this note required a little more explanation than the court gave. To be clear, that these are separate defenses. They have separate elements, and that you don't need to find all of them before Mr. Bailent can be acquitted. Now, I'm running low on time, but I'd like to briefly address the other claim that the judge's note was unconstitutional. Now, this claim, unlike Claim 1, was decided on the merits. The ADPA does apply, and I think the clearest path for relief here is under D2, and that's that the state court made unreasonable factual findings on what the note said and what it meant, for the reasons we just discussed. And unless the court has any further questions, I'd like to reserve my time for rebuttal. Thank you. Good morning, Your Honors. On behalf of the Justice Department, please support Deputy Attorney General Seth McCutcheon on behalf of Respondent. This case appears more complicated than it is. There's two certified issues before this court. Both were properly resolved below by the district court. Ground 1, the denial of counsel claim, is procedurally barred by Dixon. Petitioner makes several arguments as to why Dixon doesn't apply, but all of those arguments fail. First, Petitioner contends that because the California Supreme Court imposed Clark, that the However, the bars are not inconsistent. California Supreme Court merely imposed an additional or alternative ground to deny the claim. Clark signifies the bar against successive petitions. That's precisely what we had. Petitioner presented a prior habeas petition in the California Supreme Court where he did not present this denial of counsel claim. The subsequent petition was then a successive petition. Similarly, the Dixon bar is also applicable. Petitioner could have presented this claim on appeal, but chose not to. Petitioner then makes the argument that this claim is extra record. Therefore, Dixon does not apply, but the claim is not extra record. The claim as presented to the California Supreme Court was entirely based on the state court record. And the Supreme Court found that because it's based on the state court record as it's presented, that it should have been raised on appeal. So, in order for Petitioner to escape the procedural bar, Petitioner must show cause and prejudice or that the failure to consider the claim would be a fundamental miscarriage of justice. In order to show cause and prejudice, Petitioner has asserted the IAC claim. But the IAC claim first has to be exhausted. It's never been presented to the California Supreme Court. Therefore, it is unexhausted. They argue it was embedded in one of the other claims. Well, they do argue that, but I think that argument is belied by the record. They point to the claim that Petitioner... And they're referring to a pro se petition that he filed. They are referring to a pro se petition, but they're pointing to a claim that Petitioner raised in a 2011 habeas petition before the Superior Court, which in that same petition, Petitioner raised the denial of counsel claim. So, in 2011, Petitioner filed a Superior Court petition. Raising this trial counsel was ineffective for failing to object claim, and I was denied counsel. For whatever reason, Petitioner then abandoned his denial of counsel claim and went on to the Court of Appeal and then the California Supreme Court with this IAC for failure to object claim. Petitioner was actually very savvy because the Superior Court denied his claims by citing Dixon, saying he could have raised his claims on appeal. So what he did, along with abandoning this denial of counsel claim, is he added an IAC of appellate counsel layer to each of his claims to get over the Dixon bar that the Superior Court in 2011 applied. So, it's not reasonable to look at this IAC of appellate counsel for failing to bring, IAC of trial counsel for failing to object, and construing a denial of counsel claim. If this Court deems that it's clear that the California Supreme Court would procedurally bar their claim if they brought it, it could consider this claim constructively exhausted. My argument is that it's not clear. The California Supreme Court very well could take up the claim and respond or resolve it on the merits. But in any event, even if it is constructively exhausted, it's necessarily procedurally exhausted, and Petitioner cannot show cause and prejudice to excuse that default. But even if we consider the claim exhausted and even if there is no procedural bar, the IAC claim fails on the merits. Petitioner cannot show deficient performance or prejudice. And very simply, Petitioner cannot show deficient performance because a reasonably competent attorney would not have brought a denial of counsel claim based solely on an inconclusive record. Similarly, Petitioner cannot show prejudice because no court would have found a denial of counsel based solely on an inconclusive record. And then, in the unlikely event that appellate counsel had brought the denial of counsel claim, and in the even unlikelier event that the court would have found a denial of counsel, the error would have been found to be harmless beyond a reasonable doubt, and we know that based on how the Court of Appeal ruled in the related instructional claim. So simply, Petitioner cannot get past the procedural bar with the cause and prejudice. I realize you're not the lawyer for Mr. Ballant, but tell me what a complete record would look like in this case? Well, I don't necessarily... What bar is needed? In order for his claim to be successful? Yes. I think he would need to point to something more than the absence in the record to support this presumption that he wants the court to make. He asked this court to make the same presumption that he asked the California Supreme Court. That counsel wasn't present? Exactly.  Based on the absence in the record, Petitioner wants his court to ignore the proper presumption, which is the presumption that he... Isn't there a kind of minute entry of that day when the jury, usually on the Superior Court's minute order, reflect when the jury goes out to... In fact, it's indicated in the brief. There is. They have the exact timing of when the jury went out. There is. When the jury comes in, and there's no notation on that minute order or that day sheet. That's correct. However, again, it's still inconclusive, and I think to presume otherwise flies in the face of the proper presumption, which is that the court performed its obligated duty. As the court recognized, California Penal Code 1138 puts a duty on the court to contact counsel if a jury question comes in. The court indicated to the jury as it was going through its instructions that it would be contacting counsel if it needed to address any issues that arose. In the RT, it shows right before counsel left, the court did, in fact, get the phone number of defense counsel. So I think to presume that defense counsel wasn't contacted simply because the record doesn't reflect a discussion would be improper. You heard your sister's explanation as to why the judge's answer of yes was not legally correct or sufficient. Could you respond directly to her points? Well, I disagree. I think it was legally. It was correct. It was accurate. I think a better explanation is to actually look at the jury note, and I think there's a simple explanation as to why the jury had this question. When you look at the defenses of duress and necessity as set forth in the instructions, there's a difference in the preliminary language of each instruction. And if you look at the instruction of necessity, it sets forth seven elements that must be established. But the preliminary language in the instruction puts the jurors on notice in express terms that they have to find a defendant has established these elements by a preponderance of the evidence. That same express language, while implicitly embedded in the preliminary language of duress, is not in that instruction. So I think it's reasonable to read the jury note just as the court did, in that the jury was looking for clarification as to whether that express requirement for necessity also applied to duress, and the answer was simply yes. That is correct. So the jury question was not confusing. The answer was responsive. It was legally accurate. And there simply was no error in the court's instruction. However, if we're looking at the instructional claim, even if there was error, Petitioner can't show that there was a substantial and injurious effect to the verdict, simply because no matter how the jury looked at the elements, the defense that Petitioner asserted was implausible. Whether the jury would have needed to find the elements of duress separately with the elements of necessity, or in total, he wouldn't have been able to succeed. Because Petitioner fails in one element out of both instructions. Petitioner could not show that he was in immediate danger when he robbed the liquor stores. And that is shown through his own testimony. So he himself negated that defense. So he could not have been successful on simply a duress defense. And with the necessity,  And Petitioner did not report this crime until three days later. And even then, it was only after Detective Everts, during an interview of him after his arrest, asked him what happened. He lied at first, and then Detective Everts showed him a picture of him robbing the liquor store, and that's when he ultimately admitted to his role. Okay. Thank you. Thank you. We'll hear from Petitioner's counsel. Your Honors, I think this state's argument proves my point about how confusing the situation was for Mr. Bailen. The state, on one hand, asserts that this is a record-based claim subject to a Dixon bar, and yet, on the other hand, says, Well, the record's inconclusive. We don't know if defense counsel was there. Which, again, proves my point that this was an extra record claim, and Dixon shouldn't apply at all. However, if Dixon does apply, and if this Court decides to reach cause and prejudice on the Dixon bar, then appellate counsel was ineffective for not raising this. We know that she saw it in the record. It was potentially a structural error claim, and there's really no strategic reason not to raise structural error,  There were only two other claims in the brief. This wasn't a huge trial, where she was required to winnow down several claims to the best ones. And her failure to raise this claim allowed the California Court of Appeal on direct appeal to assume the counsel was present, and that infected the analysis on the other claim that she did raise. And prejudice, we're looking at Strickland prejudice. That's less than 50%. It's a question this Court can decide for itself. We don't look to what the California Court of Appeal would have done. As for exhaustion, Mr. Bailent was pro se at all times in state habeas. He exhausted his IEC of appellate counsel theory as best he could. I would also point out that at every stage of appeal, he used the court-approved form for raising a habeas petition. And Question 10 on all of those forms says, if you're raising a claim that you or your attorney didn't raise on appeal, why not? And in every form, he put ineffective assistance of counsel. So he did put the state court on notice that he was alleging that his appellate counsel was ineffective, and he did give the state court the first chance to pass on that question. And unless there are any further questions, I'll submit. Thank you very much. We appreciate both arguments this morning, and the matter is submitted at this time.
judges: Paez, Clifton, Katzmann